IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDRA COBB,                          )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )        Case No. 07-4119-JAR
                                      )
MICHAEL J. ASTRUE,                    )
COMMISSIONER OF                       )
SOCIAL SECURITY,                      )
                                      )
                    Defendant.        )
_____)

## MEMORANDUM ORDER AND OPINION ON REPORT AND RECOMMENDATION

This matter comes before the Court on defendant Commissioner of Social Security's

Objection (Doc. 13) to Magistrate Judge Reid's Report and Recommendation (Doc. 12)

recommending that the case be remanded to the Secretary for further consideration of Plaintiff's

daily activities.[1]  Defendant argues that the record reflects that the Administrative Law Judge

("ALJ") duly considered plaintiff's daily activities, and discounted the credibility of plaintiff's

description of her activities in light of inconsistent and contrary evidence in the medical records.

Defendant further argues that a remand to further evaluate plaintiff's credibility would be futile

given that the ALJ adopted most of the findings of Dr. Shafer, even while giving plaintiff the

benefit of the doubt on some limitations, yet concluded that plaintiff had an RFC enabling her to

perform light work.  Because this Court finds that the ALJ's opinion adequately reveals what

---

[1]This case was filed on October 18, 2007, seeking judicial review of defendant's decision denying her social security benefits.  In September 2006, after an administrative hearing, an administrative law judge denied relief; and in August 2007 the Appeals Council denied review.  Thus, the decision of the ALJ is the final decision of the defendant and is properly before this Court upon judicial review.

evidence he relied upon in partially discrediting plaintiff's account of daily activities, the Court sustains the objection to the Report and Recommendation, and affirms the decision of the Secretary in its entirety.

The standards the Court must employ when reviewing objections to a Report and Recommendation are clear.[2]  Only those portions of a Report and Recommendation identified as objectionable will be reviewed.[3]  The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."[4]  The Court reviews the ALJ's decision to determine whether the "factual findings are supported by substantial evidence in the record viewed as a whole" and whether the correct legal standards were applied.[5]  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6]

Magistrate Judge Reid recommended that this case be remanded for further consideration and explanation of how plaintiff's daily activities were not "entirely credible."  As Judge Reid noted, the ALJ did not expressly identify what part of plaintiff's description of daily activities he found credible and what part he did not. This failure to specify exactly what he found credible, Judge Reid concluded, rendered the court unable to review the ALJ's credibility determination without engaging in speculation.  This Court disagrees.

---

[2]*See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[3]*See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); *Gettings v. McKune*, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

[4]*See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

[5]*Frantz v. Astrue*, 509 F.3d 1299, 1300 (10th Cir. 2007) (quotation omitted).

[6]*Id.* (quotation omitted).

The ALJ made a determination of plaintiff's residual functional capacity, based upon "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."  The ALJ expressly adopted the "medical opinions of the State agency medical consultants regarding the claimant's ability to do work-related activities and the claimant's treating source which also added the restrictions of climbing limited to occasionally and pushing/pulling limited to 40-50 pounds."  In determining plaintiff's RFC, the ALJ largely relied upon the findings of the Dr. Shafer, the State agency medical consultant; but, the ALJ also included a limitation based upon the opinion of one of plaintiff's treating physicians.  On these bases, the ALJ found that plaintiff has

> the residual functional capacity to perform light work, which demands lifting/carrying 20 pounds occasionally and 10 pounds frequently; sitting 6 hours in an 8 hour workday; standing or walking 6 hours in an 8 hour workday; with no continuous reaching including overhead (Exhibit 8F), climbing limited to occasionally and never on ladders, ropes or scaffolds and pushing/pulling limited to 40-50 pounds. (Exhibit 11F).

Judge Reid was troubled by the ALJ's finding that plaintiff's account of her daily activities was "not entirely credible," and the ALJ's statement that plaintiff's ability to perform certain daily activities "to any degree" suggests that plaintiff retains sufficient capacity to perform such activities as sitting, standing, walking and functioning in a work environment. Judge Reid apparently found the ALJ's failure to specify which limitations he found not credible, and the ALJ's reliance on "sporadic performance" of household tasks, an improper basis to find plaintiff's allegations not credible.

But upon *de novo* review, this Court finds that the ALJ's opinion does adequately compare plaintiff's account of her daily activities with the objective medical evidence, in a manner that reveals why the ALJ did not give full credence to plaintiff's account of daily

activities.  Moreover, it is apparent that the ALJ did not believe or disbelieve that the plaintiff engaged or did not engage in any particular activity; what the ALJ discredited was the degree of limitations that plaintiff described.  This is undoubtedly what the ALJ meant when he found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."

In the report of Activities of Daily Living, plaintiff reported that she prepared full meals two times a day or approximately ten to twelve times a week, spending thirty minutes to an hour to prepare a typical meal.  She also reported doing her own laundry, five loads a week, taking ten to fifteen minutes per load for laundering and folding.  Plaintiff also reported that she performed household chores, including vacuuming, mopping, dusting, cleaning dishes and cleaning the bathroom, spending one to two hours a week on these cleaning activities.  She also reported spending one to two hours a week paying her bills, two to three hours a day watching television, two to three hours a week reading, seven to fourteen hours a week on the computer, and about two hours a week grocery shopping.  She also reported that she spends approximately one to two hours a day away from home, going to her doctor's office, to church, and/or to movies.   Plaintiff described having difficulty working, to wit:

> Don't do much lifting. Hurt a lot when standing or walking any length of time.  Hurt when cooking and doing dishes for any length of time.  Hurt when doing paperwork any length of time.

Plaintiff further reported that she has trouble sleeping "sometimes just from pain due to days activities," and takes "Tylenol PM on occasion. Ibuprophin [sic] for pain."  Yet she also reported that she sleeps eight hours per night.

This Court finds that the ALJ properly considered this report, properly compared it to the

objective medical and other evidence, and properly concluded that the degree of pain and limitations described by plaintiff was not credible.  There is substantial evidence in the record to for the ALJ to discount plaintiff's assertions that pain precludes her from standing or walking "any length of time."  In fact, even on the basis of her reported daily activities, it is evident that plaintiff is able to stand, sit and walk for some length of time.  It is reasonable to conclude that plaintiff can sit six hours in an eight-hour workday.  Her self-reported seven to fourteen hours of computer work a week, two to three hours of television a day, two to three hours of reading a week, one to two hours a week in bill paying, and one to two hours a day at church, movies or her doctor's office all suggest that she has the ability to engage in periods of sitting down during the day.  If the ALJ had given full credit to plaintiff's self reported activities, she describes engaging in a minimum of thirty-one hours per week and a maximum of fifty-four hours per week in activities that would be primarily engaged in while sitting.  And, based on plaintiff's reports of the time she spends cleaning, laundering and cooking, she engages in a minimum of seven hours and a maximum of fourteen hours per week in activities that would be primarily engaged in while standing.[7]

Of course, the ALJ discredited, in part, plaintiff's descriptions of her limitations in

---

[7]This Court also disagrees with Judge Reid's concern that the ALJ was discrediting plaintiff's allegations of impairment based upon "sporadic performance of household tasks."  Plaintiff described an approximate range of time spent each day or week on specific household tasks, that comprise more than the sporadic nature of the tasks described in the cases cited to by Judge Reid.  In *Thompson v. Sullivan*, for example, the claimant was wholly "unable to drive, do housework or shopping, or stand, walk, or sit for any length of time because of back and leg pain.  She said she could not sit for even two hours out of an eight-hour day." 987 F.2d 1482, 1486 (10th Cir. 1993) (citation omitted); *cf.*, *Broadbent v. Harris,* 698 F.2d 407, 413 (10th Cir.1983) (finding the claimant had performed a few household tasks, had worked on his cars, and had driven on occasional recreational trips); *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir.1987) (finding the claimant unable to sit or stand for more than brief intervals, severely limiting his ability to drive or ride in a car, or walk for any distance; and that he is able to do a very little to help around the house, mostly limited to feeding and caring for himself).

engaging in these activities. But the Court disagrees that it is left to speculate about what matters the ALJ discredited. For the ALJ's opinion discusses plaintiff's testimony as well as the objective medical evidence with sufficient specificity for this Court to glean what aspects of plaintiff's allegations the ALJ discredited. For example, the ALJ notes that plaintiff testified that she could sit six to eight hours in an eight-hour day in a high back chair. This testimony is not inconsistent with the upper range of time she reported spending on various activities that involve sitting. It is evident that the ALJ credited this part of plaintiff's testimony, as well as her report of daily activities to the extent it was consistent with her testimony about the length of time she can sit. On the other hand, plaintiff testified that she can stand for only ten to fifteen minutes at a time, something belied by her report of daily activities that required standing. And despite reporting that she had pain that affected her sleeping, plaintiff also reported that she sleeps eight hours per night, with only occasional use of over-the-counter pain medications.

Moreover, the ALJ's opinion evidences that he did not simply rely on consistencies or inconsistencies between plaintiff's testimony and her report of daily activities. In assessing her credibility he also considered the objective medical evidence. For example, the ALJ noted that Dr. Peterson's records include reports by plaintiff that on April 21, 2003 she could walk one-half mile; and that by April 29, 2003 she could walk one mile without rest. In June 2004, plaintiff reported to Dr. Shafer that she could walk thirty to sixty minutes at a time, and that although she reported that she has pain if she stands or does anything with her arms, Dr. Shafer's physical examination noted that she had full range of motion of the lumber spine, with normal strength in her legs, hands and fingers, and the ability to flex to sixty degrees with her cervical spine. Dr. Shafer noted only that there was tenderness in her trapezius muscles and about the upper thoracic

spine; and when he did a follow-up examination in February 2006, Dr. Shafer again found nothing significant except for her upper back pain.

In short, although the ALJ made conclusory statements that plaintiff's statements were not "entirely credible," his opinion sufficiently explains what medical evidence and what inconsistencies in plaintiff's allegations discredit her claim that she cannot engage in work activities.[8]  The Court is persuaded that the ALJ's credibility findings are based on substantial evidence in the record.  Accordingly, the Court sustains the defendant's Objection (Doc. 13) to Judge Reid's Report and Recommendation.

**IT IS THEREFORE ORDERED** that the Commissioner's decision be **affirmed.**

Dated:  January 21, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8]*See, e.g.*, *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (explaining that credibility determinations "are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.").